### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN R. PARRISH, )<br>)<br>Plaintiff, )<br>)<br>vs. )   NO. CIV-22-0802-HE<br>)<br>LIBERTY MUTUAL INSURANCE )<br>COMPANY, *et al.*, )<br>)<br>Defendants. ) | |

### ORDER

Plaintiff John R. Parrish filed this case in state court and defendants later removed the case to this court. Plaintiff alleges claims for breach of contract, breach of the duty of good faith and fair dealing, and fraud against the three defendant insurance companies. The claims arise out of defendants' handling of an insurance claim submitted by plaintiff for storm damage to his home.

According to the petition, the homeowner's policy that plaintiff relies on was issued by defendant American Economy Insurance Company. The other two defendants, Liberty Mutual Insurance Company and Safeco Insurance Company of America, are alleged to have handled various dealings with plaintiff and to have participated in the claims handling process.

All three defendants have moved to dismiss the purported fraud claim pursuant to Fed.R.Civ.P. 12(b)(6), arguing that Oklahoma law does not recognize a fraud claim in the alleged circumstances. Defendants Liberty Mutual and Safeco have also moved to dismiss the contract and bad faith claims as to them.

A motion to dismiss based on Rule 12(b)(6) will be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the nonmoving party.  S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not be accepted as true by the court.  Id.

**1.  The fraud claim**.

Defendants have moved to dismiss the purported fraud claim on the basis that Oklahoma does not recognize such a claim in the context of claims handling under an insurance policy.  It contends that only claims for breach of contract and for breach of the duty of good faith and fair dealing are available in such circumstances.  Plaintiff responds by arguing that Oklahoma law also recognizes fraud claims.

Plaintiff is no doubt correct that Oklahoma law recognizes, in some circumstances, fraud claims related to insurance contracts.  Claims for fraud in the inducement of the contract or as to the types and amount of coverage are examples of that.  But that is not the circumstance alleged here.  Here, the petition raises no issue as to the formation of the insurance contract involved, but instead focuses entirely on how plaintiff's claim was handled once a claim was made under the policy.  In that context, where claims handling practices under an insurance contract are at issue, Oklahoma does not recognize a fraud

claim.  In <u>Lewis v. Farmers Ins. Co., Inc.</u>, 681 P.2d 67 (Okla. 1983), the Oklahoma Supreme Court, alluding to its earlier decision in <u>Christian v. American Home Assur. Co.</u>, 577 P.2d 899), stated that Oklahoma law "recognized the two causes of action which may be asserted premised on the existence of an insurance contract: an action based on the contract; and an action for breach of the implied duty to deal fairly and in good faith." *Id.* at 681 P.2d at 69.  The result is that here, where all the claims are premised on the existence of the contract, no fraud claim is available to the plaintiff.  *See also*, <u>Fox v. Overton</u>, 534 P.2d 679, 681 (Okla. 1975) ("allegations of fraud in an action based solely in the contract are insufficient to state a cause of action based on fraud.")

Judge Friot's decision in <u>Verlan Fire Ins. Co. v. Cass Holdings LLC</u>, 2016WL11593852 (W.D. Okla. 2016), the case principally relied on by plaintiff, is not to the contrary.  There, the court rejected the insurer's suggestion that fraud claims are never available in Oklahoma if the alleged fraud involved an insurance contract, noting that fraud claims are available in appropriate circumstances.  The claims asserted in <u>Verlan</u> included ones directed to the formation of the insurance contract and the court concluded those were not subject to dismissal.  It did not, however, suggest that a fraud claim is <u>always</u> available, or that it would be available in situations involving claims handling under a contract where its formation or scope is not at issue.[1]

---

[1] *The <u>Verlan</u> opinion expressly referenced the language of <u>Lewis</u> and <u>Christian</u> referenced above indicating there are two causes of action available for claims "based on" the contract.*

3

In any event, the court concludes Oklahoma law does not recognize a claim for fraud in the circumstances alleged here, where the challenged conduct is the handling of a claim under an otherwise valid policy. Defendants' motions will be granted as to that issue.

2. **Liability of Liberty Mutual and Safeco**.

Defendants Liberty Mutual and Safeco contend no claim is stated against them at all, as they did not issue the homeowner's policy involved here and therefore cannot be liable on it or as to the duties arising out of it. Plaintiffs argue the extensive actions of Liberty Mutual and Safeco, and their employees, in handling the claims are sufficient to make them liable on the contract and bad faith claims, even though they were not a party to the contract.

The petition alleges that all three defendants are part of the same insurance group, that they advertise together in various ways, and that employees of Liberty Mutual and Safeco dealt directly with plaintiff and handled most or all aspects of the claims adjustment process. Plaintiff contends that is enough to make them potentially liable, relying on Oliver v. Farmers Ins. Group of Companies, 941 P.2d 985 (Okla. 1997). Oliver, however, did not hold or suggest that simply being a member of the same insurance "group" is enough to make all members of the group liable on claims against other members. Rather, the court considered the potential liability of other group members based on whether they were "instrumentalities" of the contracting party such that their status as separate corporate entities should be disregarded. Id. at 987. It noted that the question hinged on control and went on to identify at least ten of the factors that should be considered in determining the control issue.

Here, the petition does not explicitly allege that Liberty and/or Safeco are instrumentalities of American Economy nor, more importantly, does it allege facts that would support such a conclusion. The petition does, to be sure, allege substantial involvement by employees of Liberty Mutual and Safeco in handling plaintiff's claim. But that, without more, only suggests a basis for concluding that Liberty Mutual and Safeco were agents of American Economy, not instrumentalities of it or of each other. The petition is largely silent as to any facts which would suggest control under the factors identified in Oliver. Therefore, since neither Liberty Mutual nor Safeco are alleged to be parties to the insurance contract and since no plausible basis has been alleged here for concluding they were instrumentalities of the contracting party, the petition does not state a claim against either of them.

For the foregoing reasons, American Economy's Partial Motion to Dismiss [Doc. #7] and Liberty Mutual and Safeco's Motion to Dismiss [Doc. #8] are **GRANTED**. The fraud claims are dismissed as to all defendants. The contract and bad faith claims are dismissed as to Liberty Mutual and Safeco.

**IT IS SO ORDERED**.

Dated this 17th day of November, 2022.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE